IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE | : | CIVIL ACTION |
| | : | |
| v. | | |
| | | |
| BASHKIM (BOBBY) HUSENAJ, et al. | : | NO. 16-6705 |

**MEMORANDUM**

**GARDNER, J.**                                                     FEBRUARY 26, 2017

This case is one of many that plaintiff Jimi Rose has filed against his tenant, Bashkim "Bobby" Husenaj. Plaintiff brings claims against Husenaj and others stemming from the allegedly improper disposition of his personal and business property. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint.

I.   **FACTS**[1]

Plaintiff filed this civil action against Husenaj, Scoobies LLC, "Independent Contractors for Scoobies," "Owners of Scoobies," an "unknown locksmith from the State of New Jersey," First Financial Insurance Company, ISG Companies, and Sheryl C. Patterson. Plaintiff owns property in Allentown, Pennsylvania, on which he used to operate a "Gentleman's club." On July 16, 2012, plaintiff leased his property to Husenaj, but apparently left certain of his personal and business property on the premises. The gist of plaintiff's claims is that Husenaj and his agents are responsible for the loss, theft, or destruction of his property in the months following the lease and in the wake of a fire on the premises.

---

[1] The following facts are taken from the complaint and public dockets for other civil proceedings that plaintiff has filed in this Court.

1

Plaintiff alleges that Husenaj led him to believe that his property "would be safe, undisturbed and not damaged" during the course of the lease. (Compl. ¶ 37.) However, certain individuals who Husenaj hired to repair and clean the property allegedly disposed of plaintiff's belongings without his consent. Plaintiff also alleges that Husenaj hired a locksmith from New Jersey to open his safe without permission.

Husenaj ran a business called Scoobies Gentleman's Club on the property. In May of 2013, there was a fire on the premises. Plaintiff alleges that "[d]uring the course of that fire the contents in the Plaintiff's operation were destroyed, as a result of the negligence of Bobby Husenaj." (Compl. ¶ 36.) After learning that Husenaj was personally insured through First Financial Insurance Company, plaintiff contacted Sheryl Patterson, Husenaj's insurance agent, to submit a claim. It appears that he has not yet received any insurance proceeds from First Financial.[2]

In this lawsuit, plaintiff seeks "to be reimbursed for the contents that were damaged by the fire and for his Property that was stolen prior to the fire." (Compl. ¶ 54.) He contends that, due to Husenaj's negligence, he suffered damages in excess of $1 million. The complaint is best construed as raising claims under state tort law, as it asserts the following four counts—(1) negligence; (2) conversion; (3) trespass to chattels; and (4) "unlawful destruction of the plaintiff's content." However, plaintiff may also be raising claims under state contract law. It is clear that he seeks to invoke this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.[3]

---

[2] Plaintiff also filed a lawsuit against Farmers Insurance Company, Husenaj, and others related to his efforts to obtain insurance proceeds from Farmers after the fire. *See Rose v. Hoffman Ins. Co.*, E.D. Pa. Civ. A. No. 16-2225.

[3] Although the complaint clearly attempts to invoke the Court's diversity jurisdiction, it makes the following stray reference to certain federal statutes: "the Defendants are residents of different state [sic] and pursuant to title 42, Subsections 1981, 1983, 1985, & 1986 this Court has

2

Notably, this is the second lawsuit—and the fourth complaint—that plaintiff has filed based on the events described above. On February 21, 2014, plaintiff filed a civil action against Husenaj, his "lackies, servants, slaves, coworkers, independent contractors, managers, bouncers and DJs," "his Brother Ben," "His Cousin Noz," the owners of Scoobies and unknown owners of Scoobies, an "Unknown Locksmith from the State of New Jersey," First Financial Insurance Company, ISG Companies, and Ms. Patterson. *See Rose v. Husenaj*, E.D. Pa. Civ. A. No. 14-4288. The Court dismissed the complaint for lack of diversity jurisdiction, but permitted plaintiff to file an amended complaint in the event he could establish jurisdiction by providing more information about the citizenship of each defendant.

Plaintiff filed a motion to withdraw his original complaint so he could replace it with an amended complaint. "Though [the amended complaint] provid[ed] more details [than the initial complaint] about the residences and places of employment of some of the defendants, [it] . . . fail[ed] to clearly state the citizenship of the parties." *See Rose v. Husenaj*, E.D. Pa. Civ. A. No. 14-4288 (Apr. 30, 2015 Order at 2 n.1, ECF No. 8). Accordingly, the Court dismissed the amended complaint for lack of jurisdiction. Plaintiff filed two motions for reconsideration, which the Court denied because the motions did not cure the jurisdictional defect. *Id.* (Nov. 16, 2015 Order, ECF No. 11.)

---

jurisdiction to hear this case." (Compl. ¶ 4.) However, even liberally construing the complaint, plaintiff has not stated a plausible basis for a federal claim against the defendants. None of the defendants are state actors for purposes of § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Nor has plaintiff pled a plausible claim under the federal laws prohibiting race discrimination. Furthermore, plaintiff cannot bring a cause of action under a federal criminal statute, to the extent he is attempting to do so. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings.").

Plaintiff returned with an unauthorized second amended complaint, which the Court dismissed with prejudice in a January 20, 2016 order. The Court explained that, even if plaintiff had been given leave to file the second amended complaint, he still failed to sufficiently allege the existence of diversity jurisdiction. Plaintiff did not appeal the Court's order. Instead, he initiated this civil action approximately eleven months later.

## II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is malicious or fails to state a claim. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Plaintiff's complaint is malicious because it is an inappropriate attempt to circumvent the Court's prior ruling dismissing his case after multiple efforts at amendment. If plaintiff was dissatisfied with the rulings in his prior case, Civil Action Number 14-4288, he was entitled to file an appeal. He may not, however, initiate a new civil action in an attempt to circumvent

4

those rulings. *See Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."). "[T]he fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts." *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986).

In any event, plaintiff's most recent version of his complaint still fails to establish a basis for diversity jurisdiction under 28 U.S.C. § 1332. That provision grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

Although this is essentially plaintiff's fourth attempt at pleading diversity, he has not pled the citizenship of all of the defendants. In particular, the complaint does not allege the citizenship of Scoobies LLC, the "owners" of Scoobies, or ISG Companies. The pleading also fails to adequately allege the citizenship of any independent contractors for Scoobies, as it merely alleges that certain "Contractors, Servant [sic], Slaves, Lackeys, are believed to reside at or with Bobby Husenaj or he knows of their whereabouts." (Compl. ¶ 2.) Accordingly, as it is not

apparent that the parties are completely diverse, the Court cannot exercise diversity jurisdiction over this case.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to file an amended complaint. An appropriate order follows.